UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAGILLE DUPLESSIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-5149** |
| **THE CITY OF NEW ORLEANS, ET AL** | **SECTION "D"(4)** |

**O R D E R**

Contemporaneous with the filing of the complaint in this matter, the *pro se* plaintiff, Ragille Duplessis, filed a **Motion for Summary Judgment (Rec. Doc. No. 4)**. In the conclusory motion, Duplessis seeks summary judgment awarding him, and his deceased mother, damages in connection with his Title 42 U.S.C. § 1983 civil rights complaint. He states no other specific facts or basis for relief.

Duplessis is an inmate housed in the Louisiana State Penitentiary in Angola, Louisiana.[1] In his *pro se* and *in forma pauperis* § 1983 complaint, Duplessis, alleges that, on June 6, 1997, he was arrested by New Orleans Police Officers for the armed robbery of a Popeye's Restaurant. He also claims that his home was searched pursuant to a warrant prior to his arrest. He filed this suit against the City of New Orleans and the owner of the Popeye's Restaurant, alleging that the police officers

---

[1] Rec. Doc. No. 2.

searched his home without probable cause and without a valid warrant. He raises other alleged errors in the admission of testimony and evidence in his state criminal proceedings and in his trial.

Duplessis also filed the instant motion for summary judgment at the same time as his complaint. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Fields v. City of Southern Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[a] party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim." The rule further provides that the motion may be filed at any time <u>after</u> "20 days have passed from commencement of the action." *Id*. In this case, the plaintiff's motion was filed contemporaneously with the complaint. The motion was filed prematurely.

In addition, district courts are permitted to dismiss a motion for summary judgment without prejudice if it is filed before any party answers. *Kuperman v. ICF International*, 2008 WL 647557 at *1 (E.D. La. Mar. 5, 2008) (Barbier, J.) (*citing* 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2717, at 298-99 (1998)); *Wartsila v. Duke Capital LLC*, 2007 WL 2274403 (S.D. Tex. Aug. 8, 2007). Deferring the ruling on a motion for summary judgment filed before parties have answered is appropriate where the district court finds that the motion is premature. *Id*.; *see also*, *Matini v. Reliance Standard Life Ins. Co.*, 2005 WL 2739030 (E.D. Va. Oct. 24, 2005); *First Am. Bank, N.A. v. United Equity Corp.*, 89 F.R.D. 81, 87 (D.D.C. 1981). A district court ". . . must not grant a summary judgment upon motion therefor tendered before the service of an answer, unless

2

in the situation presented, it appears to a certainty that no answer which the adverse party might properly serve could present a genuine issue of fact." *Stuart Inv. Co. v. Westinghouse Elec. Corp.*, 11 F.R.D. 277, 280 (D. Neb. 1951).

As of this writing, there have been no answers filed. The Court withheld issuance of summons at the filing of the suit to allow the Court time to conduct its statutory review for frivolousness pursuant to Title 28 U.S.C. § 1915(e) and § 1915A.[2] This too renders Duplessis's motion to be premature. Accordingly,

**IT IS ORDERED** that Duplessis's **Motion for Summary Judgment (Rec. Doc. No. 4)** is **DISMISSED** without prejudice as premature.

New Orleans, Louisiana, this 28th day of April, 2009.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]These provisions, and with specific reference to prison conditions, Title 42 U.S.C. § 1997e(c), require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court is required by statute, as soon as is practicable, to determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).