UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAGILLE HARRY DUPLESSIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-5149** |
| **THE CITY OF NEW ORLEANS, ET AL** | **SECTION "D"(4)** |

## ORDER AND REASONS

The *pro se* plaintiff, Ragille Duplessis, has filed a second **Motion for Summary Judgment (Rec. Doc. No. 7)** in the captioned *in forma pauperis* complaint brought pursuant to 42 U.S.C. § 1983. Duplessis again seeks summary judgment awarding him, and his deceased mother, damages in connection with his § 1983 civil rights complaint.

Duplessis alleges in his complaint that, on June 6, 1997, he was arrested by New Orleans Police Officers for the armed robbery of a Popeye's Restaurant on May 29, 1997. He also claims that his home was searched pursuant to a warrant prior to his arrest. He filed this suit against the City of New Orleans and Popeyes Restaurant at 1414 South Carrollton Avenue, seeking damages because the police officers searched his home without probable cause and without a valid warrant. He raises other alleged errors in his state criminal proceedings.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Fields v. City of Southern Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). Rule 56(a) of the Federal Rules of Civil Procedure provides that "[a] party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim."

As Duplessis has already been advised by this Court, a motion for summary judgment may be dismissed without prejudice by the district court if it is filed before any party answers. *Kuperman v. ICF International*, 2008 WL 647557 at *1 (E.D. La. Mar. 5, 2008) (Barbier, J.) (*citing* 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2717, at 298-99 (1998)); *Wartsila v. Duke Capital LLC*, 2007 WL 2274403 (S.D. Tex. Aug. 8, 2007). Deferring the ruling on a motion for summary judgment filed before parties have answered is appropriate where the district court finds that the motion is premature. *Id.*; *see also*, *Matini v. Reliance Standard Life Ins. Co.*, 2005 WL 2739030 (E.D. Va. Oct. 24, 2005); *First Am. Bank, N.A. v. United Equity Corp.*, 89 F.R.D. 81, 87 (D.D.C. 1981). A district court ". . . must not grant a summary judgment upon motion therefor tendered before the service of an answer, unless in the situation presented, it appears to a certainty that no answer which the adverse party might properly serve could present a genuine issue of fact." *Stuart Inv. Co. v. Westinghouse Elec. Corp.*, 11 F.R.D. 277, 280 (D. Neb. 1951).

This case is not one which warrants summary judgment prior to further review. As of this writing, there have been no answers filed because the court withheld issuance of summons at the time of filing because Duplessis's claims arise from his criminal proceedings, which is generally inappropriate for § 1983 recovery. The Court is preparing a Report and Recommendation related

to its statutory review for frivolousness pursuant to Title 28 U.S.C. § 1915(e) and § 1915A.[1]

Accordingly,

**IT IS ORDERED** that Duplessis's **Motion for Summary Judgment (Rec. Doc. No. 4)** is **DISMISSED** without prejudice.

New Orleans, Louisiana, this 31st day of August, 2009.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[1] These provisions, and with specific reference to prison conditions, Title 42 U.S.C. § 1997e(c), require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court is required by statute, as soon as is practicable, to determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).