# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAGILLE DUPLESSIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-5149** |
| **CITY OF NEW ORLEANS, 1414 SOUTH CARROLLTON AVENUE POPEYE'S RESTAURANT** | **SECTION "D" (4)** |

## REPORT AND RECOMMENDATION

Before the Court are two Motions to Amend (Rec. Doc. Nos. 12, 14), two Motions for Summary Judgment (Rec. Doc. Nos. 13, 16), and a Motion for Temporary Restraining Order (Rec. Doc. No. 15), filed by the *pro se* plaintiff, Ragille Duplessis. The motions and the entire matter were referred to the United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I.    Factual Summary

### A.    The Original Complaint (Rec. Doc. No. 2)

The plaintiff, Ragille Duplessis ("Duplessis"), filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. §1983 against the City of New Orleans and the Popeye's

Restaurant located at 1414 South Carrollton Avenue. Duplessis alleges that his constitutional rights were violated as a result of his arrest and conviction by New Orleans Police Officers for the armed robbery of the Popeye's Restaurant.

Duplessis alleges that, on June 2, 1997, an informant contacted Detective Livingston at the Second District police station and advised him that three black males were robbing people in the Uptown using a blue steel handgun. The informant also provided the detective with the descriptions of the men, their addresses, and their names, Tirrell Johnson, Lanier Lee, and Ragille Duplessis. Lee had already been arrested for armed robbery on May 30, 1997.

Duplessis further alleges that the detective researched robberies in the area and discovered that the cashier at the Popeye's Restaurant had been robbed at gunpoint on June 1, 1997. The next day, Detective Livingston met with the cashier and the manager of the Popeye's. The detective reported that both women positively identified a photograph of Duplessis as the man who robbed the restaurant. He also reported that a third employee eventually identified Duplessis in another photographic line-up later in June.

On June 4, 1997, the detective obtained an arrest warrant for Duplessis and a search warrant for his home, which was searched the next day. Duplessis surrendered to police on June 6, 1997.

Duplessis alleges that Detective Livingston distorted the basis for probable cause, specifically the certainty of the photographic identifications, to support the warrants that were issued. He further alleges that the detectives affidavits and testimony throughout the criminal proceedings did not match that of the witnesses who allegedly had identified him in the photographs. He also claims that the State entered a *nolle prosequi* on the armed robber charges on January 19, 1999, which further indicates the lack of probable cause related to his arrest on that charge.

The attachments to the original complaint reflect that Duplessis was charged by Bill of Information in Orleans Parish with four counts of armed robbery, including the Popeye's robbery forming the basis of this suit.[1]  After he was convicted by a jury on three of the counts and was sentenced as a multiple offender, on January 19, 1999, the State entered a *nolle prosequi* on the fourth count, which Duplessis alleges to be the Popeye's robbery.[2]

He seeks unspecified injunctive relief and monetary damages for violation of his Fifth, Eighth, and Fourteenth Amendment rights and for his incarceration, defamation, false arrest, malicious prosecution, malfeasance in office, perjury, and pain and suffering under Louisiana law.

**B.**      **First Amended Complaint (Rec. Doc. No. 5)**

In his first amended complaint, Duplessis reiterated the foregoing claims and asserted that the defendants contributed to the death of his mother, after she witnessed his wrongful arrest and prosecution for the Popeye's armed robbery.  He claims that she suffered through his criminal proceedings and passed away on January 4, 2006.  He seeks unspecified compensatory damages, punitive damages, and injunctive relief as a result of her death.

Duplessis also alleges that the photographic line-up used by Detective Livingston was suggestive and the photograph was used in another armed robbery case that occurred prior to the Popeye's robbery, a fact that was concealed from the defense.

**C.**      **Second Amended Complaint (Rec. Doc. No. 11)**

In his next amended complaint, Duplessis alleged that the witnesses never selected a picture from the photographic line-up and were forced to place their initials on a picture by Detective

---

[1]Rec. Doc. No. 2-2, pp.1, 2.

[2]Rec. Doc. No. 2-2, p.3.

Livingston. He reiterated that he was not prosecuted for the Popeye's charge because the State entered a *nolle prosequi* on January 19, 1999. He also reurged the factual allegations and claims set forth in the prior complaints.

### D. Plaintiff's Pending Motions Should be Denied

Duplessis has five pending motions which the Court must address in order to clarify the claims subject to the Court's statutory review for frivolousness.

### 1. Motions To Amend (Rec. Doc. Nos. 12, 14)

Duplessis continues to file motions to amend his complaint in which he presents the same claims and arguments that have been presented in the original and prior two amended complaints outlined above. The proposed pleadings are virtually identical to those already filed into the record.

Leave to amend under Fed. R. Civ. P. 15(a) is to be liberally granted and should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). However, leave to amend is by no means automatic and instead lies within the sound discretion of the Court. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981).

The Court has again considered the necessary factors, such as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Having done so, the Court finds that Duplessis's continued filing of repetitive pleadings has become burdensome and borders on bad faith. The proposed amendments are duplicative and cumulative of the current record. The Court recommends that the motions for leave to amend be denied.

## 2.    Motions for Summary Judgment (Rec. Doc. Nos. 13, 16)

Duplessis also has submitted two repetitive motions for summary judgment seeking judgment in his favor against the defendants. He previously presented two other virtually identical motions for summary judgment which the Court dismissed as premature.[3] Duplessis has already been advised by this Court that a motion for summary judgment may be dismissed without prejudice as premature when it is filed before any party answers. *Kuperman v. ICF Int'l*, No. 08-565, 2008 WL 647557, at *1 (E.D. La. Mar. 5, 2008) (Barbier, J.) (*citing* 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2717, at 298-99 (1998)); *Wartsila v. Duke Capital LLC*, No. H-06-3908, 2007 WL 2274403, at *5 (S.D. Tex. Aug. 8, 2007). The defendants have not been served in this case because the claims raised are subject to dismissal under 28 U.S.C. § 1915, as set forth in this report. The current motions for summary judgment should also be dismissed because they are premature.

## 3.    Motion for Restraining Order (Rec. Doc. No. 15)

Furthermore, Duplessis filed a motion seeking a restraining order against the defendants. He failed to include any argument in support of the request or basis for issuance of such an order. A temporary restraining order may only be granted under Fed. R. Civ. P. 65(b) if there is (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunctive relief is denied; (3) the threatened injury to the movant outweighs the harm the injunction will cause on the opponent; and (4) the injunctive relief will not do disservice to the public interest. *EEOC v. Cosmair, Inc.*, 821 F.2d 1085, 1088 (5th Cir. 1987); *Bergquist v. FYBX Corp.*, No. Civ.A. 02-722, 2003 WL 21488117, at *1 (E.D. La. June 19, 2003)

---

[3]Rec. Doc. Nos. 4, 6, 7, 9.

(Vance, J.).  Duplessis has failed to present any argument or allegation in the motion to meet any of these required factors.  This motion also should be denied.

Having resolved the motions, the Court will proceed with its statutory review for frivolousness.

## II.  <u>Standard of Review for Frivolousness</u>

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.  <u>Plaintiff's Claims have Prescribed</u>

Duplessis makes clear that he was arrested on June 6, 1997, for the armed robbery of the Popeye's forming that basis of this litigation.  According to the bill of information and docket sheet attached to his original complaint, the bill of information was filed against him on July 21, 1997, and he was arraigned on July 29, 1997.  He also indicates that the relevant charge against him was dismissed by the State's entry of a *nolle prosequi* on January 19, 1999.[4]  He further claims that the effects of the prosecution against him contributed to his mother's death on January 4, 2006.

Because there is no federal statute of limitations for § 1983 claims, the district court looks for comparison to the forum state's statute of limitations for personal injury claims.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Wilson v. Garcia*, 471 U.S. 261, 275 (1985) (§ 1983 actions are best characterized as personal injury actions); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)).  In Louisiana, personal injury claims are governed by La. Civ. Code Art. 3492, which provides for a prescriptive period of one year from the date of injury or damage.[5]  *See Jacobsen*, 133 F.3d at 319 (citing  *Elzy v. Roberson*,  868 F.2d 793, 794 (5th Cir. 1989)).

---

[4]The Court notes that the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) is not applicable here.  In *Heck*, the Court considered the § 1983 claim of a state prisoner who raised claims which, if true, would have established the invalidity of his outstanding conviction.  *Heck*, 512 U.S. at 484.  The Court held that a claim for damages bearing that relationship to a conviction or sentence that had not been invalidated or set aside was not cognizable under § 1983.  This effectively delayed the accrual of such an action.  However, the *Heck* rule is only relevant when there is a conviction or sentence that has not been invalidated.  *Wallace v. Kato*, 549 U.S. 384, 392-393 (2007).  Because the charges were dismissed, there is no criminal conviction to be set aside in this case.  Therefore the Heck rule is inapplicable to the case at bar.  *See id.*

[5]Article 3492 provides that:

Delictual actions are subject to a liberative prescription of one year.  This prescription commences to run from the day injury or damage is sustained.  It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage.

For purposes of calculating the limitations period, a § 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action. *Wallace*, 549 U.S. at 388; *Jacobsen*, 133 F.3d at 319; *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). The Supreme Court has held that prescription begins to run at the point when "the plaintiff can file suit and obtain relief." *Id.* at 388 (citations omitted).

In the context of a § 1983 false arrest claim, like the one here, the Supreme Court has held that a plaintiff could "file[] suit as soon as the allegedly wrongful arrest occurred." *Id.* at 388. In *Wallace*, the Court resolved that the date of arrest becomes the accrual date for such a claim. The Court went on in *Wallace* to clarify the parameters of the tort claims of false imprisonment and wrongful prosecution, like those asserted here by Duplessis:[6]

> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process-when, for example, he is bound over by a magistrate or arraigned on charges. Thereafter, unlawful detention forms part of the damages for the "entirely distinct" tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process. "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." Thus, petitioner's contention that his false imprisonment ended upon his release from custody, after the State dropped the charges against him, must be rejected. It ended much earlier, when legal process was initiated against him, and the statute would have begun to run from that date [ ].

*Wallace*, 549 U.S. 389-90 (citations and footnote omitted).

Considering the foregoing, Duplessis's claims for false arrest, false imprisonment, defamation, malicious prosecution, illegal detention, and resultant pain and suffering, arising out of his arrest and prosecution for the Popeye's armed robbery, accrued on or before July 29, 1997, when

---

[6]The Court notes that the Supreme Court refused to consider whether a malicious prosecution claim can be urged under § 1983 and instead addressed the claim as one under state law.

he was arraigned and the full legal process was initiated against him. Applying the appropriate statute of limitations, he had one year from that date, or until July 29, 1998, to file these claims and he failed to do so.

Furthermore, to the extent Duplessis asserts a wrongful death claim against the defendants for the alleged contribution to his mother's death on January 4, 2006, that claim has also prescribed. Any such claim would also be subject to Louisiana's one year statute of limitations under La. Civ. Code art. 3492. *Jackson v. Brown & Williamson Tobacco Corp.*, 237 F.3d 630, 2000 WL 1701638 at *1 (5th Cir. Oct. 23, 2000) (Table, Text in Westlaw). Duplessis had one year from her death, or until January 4, 2007, to file this claim and he did not meet that deadline.

In the instant case, the clerk of this federal court filed Duplessis's complaint on January 14, 2009, when his pauper application was granted.[7] In the prisoner context, however, the date prison officials receive the complaint from the plaintiff for mailing to the court is the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377 (5th Cir. 1995). Duplessis signed his complaint on October 24, 2008, which is presumed to be the earliest date on which he could have given it to prison officials for mailing. This date is well over one year after the accrual of Duplessis's claims.

Duplessis's complaint deemed filed on October 24, 2008, was not timely submitted to the Court prior to expiration of the limitations periods applicable to the claims raised therein, and in the amended complaints. His complaint must be dismissed as frivolous, or otherwise for failure to state a claim for which relief can be granted pursuant to § 1915 and § 1915A.

---

[7]Rec. Doc. Nos. 2, 3.

**IV.    Recommendation**

It is therefore **RECOMMENDED** that Duplessis's **Motions to Amend (Rec. Doc. Nos. 12, 14)** and **Motion for Temporary Restraining Order (Rec. Doc. No. 15)** be **DENIED**.

It is further **RECOMMENDED** that Duplessis's **Motions for Summary Judgment (Rec. Doc. Nos. 13, 16)** be **DISMISSED as premature**.

It is further **RECOMMENDED** that Duplessis's complaint against the City of New Orleans and Popeye's Restaurant be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for which relief can be granted pursuant to § 1915(e)(2) and § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 5th day of October, 2009.

_____

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

10